United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AAREN WILLIAMS STRIPLIN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA WILEY W. MANUAL COURTHOUSE TRAFFIC DIVISION, SHANTELL STOKES, DEPARTMENT OF MOTOR VEHICLES, EL CERRITO,<br><br>　　　　Defendants.　　　　　　　／ | No. C 12-6417 SI<br><br>**AMENDED ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

On December 18, 2012, plaintiff Aaren Williams Striplin filed a complaint against defendants Superior Court of California, County of Alameda Wiley W. Manual Courthouse Traffic Division; Shantell Stokes; and the Department of Motor Vehicles in El Cerrito, California. The complaint consists of several pages of requests for information and documents related to a traffic court case involving plaintiff, as well as a several page statement regarding the traffic court case. The complaint states that plaintiff is alleging claims for fraud, conspiracy, extortion, theft of personal property, character defamation, falsifying documents, and seeks over $1 million in damages. In addition, plaintiff states that he "appeals" several of the findings and actions of the state courts and the DMV. Plaintiff has also filed an application to proceed *in forma pauperis*.

　　　Title 28 U.S.C. § 1915(e)(2) authorizes federal courts to dismiss a complaint filed *in forma pauperis* if the Court determines that the complaint fails to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Here, the complaint is deficient because it does not allege a basis for federal

jurisdiction, and from the face of the complaint it does not appear that this Court would have jurisdiction over plaintiff's purely state law claims. "[The] *Rooker-Feldman* [doctrine] prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004). In addition, the complaint simply lists the claims that plaintiff wishes to allege, but does not allege any facts in support of each of the claims, nor does the complaint allege what each defendant did. Finally, plaintiff is advised that "[j]udges are immune from damage actions for judicial acts taken within the jurisdiction of their courts." Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986). Accordingly, plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND pursuant to Section 1915(e)(2). *See Lopez v. Smith*, 203 F.3d 1122, 1128 (9th Cir. 2000). Plaintiff's application to proceed *in forma pauperis* is GRANTED.

If plaintiff wishes to file an amended complaint, the complaint shall (1) state the basis for federal jurisdiction; (2) specifically identify the claims that plaintiff is asserting (for example, if plaintiff is suing under a federal or state statute, the complaint shall identify that statute); (3) state, as clearly as possible, the facts giving rise to the complaint, including the dates upon which the events occurred; and (4) state the relief that plaintiff seeks. **Any amended complaint must be filed by March 15, 2013.**

**IT IS SO ORDERED.**

Dated: February 27, 2013

SUSAN ILLSTON
United States District Judge